UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

          Plaintiff,

vs.                                                  CASE NO:  1:13-cr-20259-CMA

RODOLPHE JAAR,

          Defendant.
_____/

## DEFENDANT RODOLPHE JAAR'S RENEWED MOTION FOR TWO-POINT REDUCTION

COMES NOW Defendant, Rodolphe Jaar ("Jaar" or "Defendant") and moves this Honorable Court, pursuant to 18 U.S.C. § 3582(c)(2), for a 2-point reduction in his base offense level.  In support of his motion, Jaar states as follows:

1. On January 29, 2014, Jaar's trial defense counsel moved the Court to reduce Jaar's base offense level to 24, with an attendant sentence of 51 to 63 months.  [Docket No. 114].

2. On February 3, 2014, the Court sentenced Jarr to 51 months imprisonment for violating 21 U.S.C. § 963.  [Docket No. 120].

3. Section 3582(c)(2) empowers a court to reduce a defendant's sentence if (a) the defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and (b) such reduction stands consistent with applicable policy statements by the Commission.  18 U.S.C. § 3582(c) (2013).

4. On July 18, 2014, after Jaar's sentencing, the United States Sentencing Guideline Commission voted to make retroactive a reduction in sentencing guideline levels for drug offenders (such as Jarr).  The Commission did so via Amendment 788.  *See*, *e.g.*, *United State v. Espinoza*, 2015 U.S. Dist. LEXIS 20542, at *1 (M.D. Fla. Feb. 20, 2015) (explaining

said amendment and its effect) (Exhibit A) (citing *United States v. Peak*, 579 Fed. Appx. 888, 891 n.1 (11th Cir. 2014)).

5. It appears that Jaar enjoys an entitlement to the Commission's mandated 2-point reduction (*i.e.*, from an offense level of 24 to 22).

6. Initially, the Court sentenced Jaar at the low end of the Guidelines because, it appears, Jaar stood in Category I for criminal history. Accordingly, the Court sentenced Jaar to 51 months, based on an offense level of 24, which was the lowest sentence possible under the applicable Guideline.

7. With this 2-point reduction in offense level and a Category I for criminal history, Jaar's sentence should be reduced from 51months to the lower end of the Guidelines for offense level 22, which would be 41 months. This would both stand in accord with the lower-end sentence Jaar initially received, and it would further the Commission's policy objectives.

8. Finally, a 41-month sentence ***would not*** see Jaar released before November 2015, another limiting factor on this 2-point reduction relief.

For these reasons, Jaar prays this honorable court for the requested 2-point reduction in offense level from 24 to 22 and a reduction of his sentence from 51 months to 41 months.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 88.9, counsel for movant attempted to confer in good faith with counsel for the Government twice, but has been unable to do so.  To wit, counsel for movant sent two separate e-mails to counsel of record for the Government, but counsel for the Government did not respond.  The first e-mail was sent on Friday, March 27, 2015, and the second on Tuesday, March 31, 2015.  The Government has not responded.

Dated: April 1, 2015

>Respectfully submitted,
>
>*/s/ David Jay Bernstein*
>David Jay Bernstein, Esq.
>Fla. Bar No. 38385
>David Jay Bernstein, P.A.
>660 East Hillsboro Blvd., Suite 106
>Deerfield Beach, FL 33441
>Telephone: (954) 747-9777
>Facsimile:  (954) 919-1502
>david@djblawyers.com

## CERTIFICATE OF SERVICE

I, David Jay Bernstein, do hereby certify that a copy of the foregoing renewed motion was served on counsel of record for the Government via the Court's ECF filing system this 1st day of April, 2015.

>*/s/ David Jay Bernstein*