UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 13-cr-20259-ALTONAGA

UNITED STATES OF AMERICA,

vs.

RODOLPHE JAAR,

      **Defendant.**
_____/

### DEFENDANT'S REPLY TO GOVERNMENT'S BRIEF OPPOSING RENEWED MOTION FOR TWO-POINT REDUCTION

COMES NOW, Defendant/Movant Rodolphe Jaar ("Jaar") and files his Reply to the Government's Response [DE 128] to Jaar's Renewed Motion for a two-point reduction [DE 126]. In support of the Reply, Jaar states as follows:

1. The Government concedes, as it must, that Jaar stands entitled to a two-point reduction. *See* Govt's Opp'n Br., p.4 ("A review of defendant's case reveals that he is eligible for relief.").

2. However, Jaar and the Government initially differed about whether, after receiving the two-point reduction, Jaar's revised total offense level would be 22 (Jaar's contention), or whether Jaar's revised total offense level would be 23 (the Government's contention). *Compare* Jaar's Opening Br. ¶¶ 5-8 [DE 126] (arguing for total offense level of 22) and Govt's Opp'n Br., p.4 (explaining why Jaar's revised total offense level should be 23) (citing U.S.S.G. § 2d1.1(a)(5)).

3. Accordingly, the Government says Jaar's total offense level should now be 23, and Jaar contends his total offense level should now be 22; a difference of 1 point, or about five

months' more in prison for Jaar (a not insubstantial additional sentence -- at least from Jaar's point of view), if the Court accepts the Government's calculations.

4. In 2013, Jaar pled guilty to Count I, which involved five kilograms of cocaine.

5. At that time, the 2013 Sentencing Guidelines applied, and under those guidelines, Jaar's base offense level stood at 32. *See* U.S.S.G. § 2d1.1(a)(5) (USSG 2013 version).

6. Ultimately, Jaar's total offense level, under the 2013 Guidelines, worked out to 24; based upon the following calculations:

    a)    2013 Base Offense Level for between 5KG and 15KG:  32

    b)    Minor Participant:  -1

    c)    Minor Role:  -2

    d)    Accepted Responsibility:  -3

    e)    Safety Value:  -2

    Total Offense Level  24

7. Standing entitled to Amendment 782's two-point reduction to his 2013 base offense level, Jaar's revised base offense level would now be 30. Jaar submits that applying the same calculations as applied in 2013 (when Jaar initially was sentenced), yields a total offense level of 22.

8. Jaar so submits based upon the following calculations:

    a) 2013 Base Offense Level for between 5KG and 15KG:  32

    b) Amendment 782 two-point reduction in Base Offense = 30

    c) Minor Participant:  -1

    d) Minor Role:  -2

    e)   Accepted Responsibility:    -3

    f)   Safety Value:    -2

    Total Offense Level    22

9. As explained in Jaar's Opening Brief, a total offense level of 22 should produce a sentence of 41 months. But the Government, standing at a total offense level of 23, seeks 46 months.

10. Both Jaar and the Government agree that, whatever the correct total offense level, Jaar's sentence should be adjusted to the lowest end of whichever total offense level applies. The disagreement boils down to 1 point in total offense level.

WHEREFORE, Jaar hereby moves this honorable court for an ORDER reducing his current sentence to a total offense level of 22 and a sentence of 41 months.

Dated: May 4, 2015.

Respectfully submitted,

*/s/ David Jay Bernstein*
David Jay Bernstein, Esq.
Fla. Bar No. 38385
David Jay Bernstein, P.A.
660 East Hillsboro Blvd., Suite 106
Deerfield Beach, FL 33441
Telephone:  (954) 747-9777
Fax:            (954) 919-1502
david@djblawyers.com

## CERTIFICATE OF SERVICE

I, David Jay Bernstein, do hereby certify that a copy of the foregoing Reply Brief was served on counsel of record for the Government via the Court's ECF filing system this 4th day of May, 2015.

*/s/ David Jay Bernstein*