```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF FLORIDA
                         MIAMI DIVISION
                      CASE NO. 13-20259-CR


 UNITED STATES OF AMERICA,        Miami, Florida

        Plaintiff,                February 3, 2014

    vs.                           10:16 a.m. to 10:29 a.m.

 RODOLPHE JAAR,                   Courtroom 12-2

        Defendant.                (Pages 1 to 12)
```

---

```
                          SENTENCING
            BEFORE THE HONORABLE CECILIA M. ALTONAGA,
                  UNITED STATES DISTRICT JUDGE

 APPEARANCES:

 FOR THE GOVERNMENT:     KURT K. LUNKENHEIMER, ESQ.
                         Assistant United States Attorney
                         99 Northeast Fourth Street
                         Miami, Florida 33132
                         (305) 961-9008
                         kurt.lunkenheimer@usdoj.gov


 FOR THE DEFENDANT:      RICHARD O. DANSOH, ESQ.
                         Dansoh Law Firm
                         501 Northeast 1st Avenue, Suite 301
                         Miami, Florida 33132
                         (305) 573-4444
                         dansohlawfirm@gmail.com

 Also Present:           MICHELLE BURGESS, USPO


 REPORTED BY:            STEPHANIE A. McCARN, RPR
                         Official Court Reporter
                         400 North Miami Avenue
                         Twelfth Floor
                         Miami, Florida 33128
                         (305) 523-5518
                         Stephanie_McCarn@flsd.uscourts.gov
```

**I N D E X**

|  | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| **WITNESSES FOR THE GOVERNMENT:** | | | | |
|  | -- | -- | -- | -- |
| **WITNESSES FOR THE DEFENDANT:** | | | | |
|  | -- | -- | -- | -- |

| EXHIBITS MARKED & ADMITTED IN EVIDENCE | MARKED | ADMITTED |
|---|---|---|
| Government's Exhibit No. | -- | -- |
| Defendant's Exhibit No. | -- | -- |

**MISCELLANEOUS**

| | Page |
|---|---|
| Proceedings............................................. | 3 |
| Court Reporter's Certificate...................... | 12 |

```
 1        (The following proceedings were held at 10:16 a.m.)
 2            THE COURT:  Good morning, please be seated.
 3            Please state your appearances.
 4            MR. LUNKENHEIMER:  Kurt Lunkenheimer on behalf of the
 5   United States.  Good morning, Your Honor.
 6            THE COURT:  Good morning.
 7            MR. DANSOH:  Good morning, Judge, Richard Dansoh on
 8   behalf of the defendant who is present, Rodolphe Jaar.
 9            THE COURT:  I'm sorry.  Could you spell your last
10   name, please?
11            MR. DANSOH:  D-A-N-S-O-H, Judge.
12            THE COURT:  Thank you.
13            PROBATION OFFICER:  Good morning, Your Honor, Michelle
14   Burgess on behalf of U.S. Probation.
15            THE COURT:  Mr. Jaar, good morning.  We are here for
16   your sentencing hearing.  Have you had the opportunity of
17   reviewing the presentence investigation report with your
18   attorney?
19            THE DEFENDANT:  Yes, Your Honor.
20            THE COURT:  All right.  I will hear first from the
21   government and then I will hear from defense.
22            MR. LUNKENHEIMER:  Well, Your Honor, there are some
23   outstanding objections to the presentence investigation report,
24   would you like to address -- me to address those?
25            THE COURT:  Yes, please.
```

1         MR. LUNKENHEIMER:  Okay.  Your Honor, as you are well
2    aware from the sentencing of the past two defendants, this was
3    a slightly unusual case against Mr. Jaar in that he was
4    cooperating with the DEA at the time of the offense, making
5    them aware of a drug shipment that was coming into Haiti, a
6    425-kilogram load of narcotics.  And he was in contact with
7    agents that were on the ground.
8         And because of his efforts, DEA was able to seize 270
9    kilograms of that 420 load and also were able to make an arrest
10   at the time of Hiro Hiney Piniello who has been sentenced in a
11   related case, I think, in front of -- I forget it was -- I
12   believe it was Judge Cooke, I forget exactly.  But he was
13   arrested at that time and then brought to the United States
14   where he pled guilty and was sentenced.  And additionally, the
15   information that Mr. Jaar provided at that time and the seizure
16   of that narcotics at the residence where it was found led to
17   the eventual arrest of Francisco Conchico Condello and Olgaire
18   François.
19        So it's a slightly unusual case, so because of that in
20   the negotiations with defense counsel concerning Mr. Jaar's
21   plea arrangements and the fact that he had led to the seizure
22   of 270 kilograms and the arrest of at least one individual and
23   at least they were able to gather evidence against two others,
24   the government offered Mr. Jaar a sentencing which they gave --
25   we offered him minor role.  And we do recommend that he receive

1  a minor role. And because of that minor role recommendation,
2  that kicks in an additional 3-level departure for mitigation in
3  the -- I forget exactly what statute in 2B1.1, I believe
4  there's -- I forget the exact terminology in the section.
5          But -- and therefore that is our recommendation
6  because of his involvement and what led to taking 270 kilograms
7  out of the distribution network that was going to bring it to
8  the United States and leading -- providing for the arrest of
9  one -- and conviction of one person eventually and the arrest
10 of two others, we make that recommendation and support it, and
11 I guess would join in defendant's objections based on that
12 because we do recommend that.
13         THE COURT: The minor role?
14         MR. LUNKENHEIMER: The minor role which would then
15 kick in the three levels.
16         THE COURT: All right. And what is the adjusted
17 offense level then, that the parties agreed to?
18         MR. LUNKENHEIMER: I believe it goes down to 24, Your
19 Honor, which is 51 months at the low end. I forget the exact
20 high end.
21         MR. DANSOH: 63.
22         MR. LUNKENHEIMER: 63 months.
23         THE COURT: All right. So the parties are in
24 agreement that Mr. Jaar's offense level should be a Level 24;
25 is that correct?

1       MR. DANSOH:  Yes, Your Honor.
2       MR. LUNKENHEIMER:  Per our plea agreement, yes, Your
3  Honor.
4       PROBATION OFFICER:  Yes, Your Honor.  That would be
5  the total Offense Level 24.
6       THE COURT:  Correct.
7       PROBATION OFFICER:  Yes.
8       THE COURT:  Thank you.  All right.
9       MR. LUNKENHEIMER:  And if the Court is inclined --
10 then we would recommend -- or whatever the Court determines is
11 the total offense level, the government, pursuant to the plea
12 agreement, recommends a sentencing at the low end of the
13 guideline range, basically for the same reasons that I just
14 stated as to how we negotiated the minor role.
15      THE COURT:  I will hear from defense counsel.
16      MR. DANSOH:  Judge, first of all, I would have to -- I
17 want to put on the record that the prosecutor has been -- gone
18 over and beyond the call of duty to be a perfect gentleman
19 throughout the negotiation.  As a matter of fact, perhaps short
20 of this admission, the indictment, everything that he agreed to
21 is what anyone could hope for.
22      My next request, and I have to be careful in how I
23 phrase it because the only other possibility was -- and it was
24 all within the control of Mr. Jaar, the government was even
25 kind enough to tell him, had he pled sufficiently earlier such

that the government would have informed the codefendant's attorney of his availability to testify and if that then precipitated in the codefendant taking a plea, the government was even willing to recommend an additional 25 percent reduction.

That decision by Mr. Jaar was not made timely. As a matter of fact, the Court recalls, the change of pleas were done on the same day, I believe. So the extra 25 percent was not available to him.

Given the unusual facts of the case and without getting into too much detail, there is always that intangible factor of the risk to himself and his family. And if the Court, pursuant to any of the 3555 factors, the Court thought maybe it would merit any kind of variance, that would have been that 25 percent that I would be begging the Court for. As I said, I approach gingerly because clearly this was something within his ability, and sometimes it takes a while for folks to admit things to family as to what they did, and in this case unfortunately that was the scenario.

But other than that and other than what Mr. Lunkenheimer has mentioned, we respectfully ask the Court to consider a sentence at the low end of the guideline plus anything else that the Court might think would be appropriate.

THE COURT: Thank you.

MR. LUNKENHEIMER: Your Honor, I would just briefly

1  say that Mr. Dansoh stated correctly that we did not inform
2  defense counsel for Mr. François that Mr. Jaar was pleading so
3  that had no factor into Mr. François's decision to plead guilty
4  and any -- the government is not moving for a 5K1.1 reduction
5  at this time.  And any Rule 35 reduction is still, you know, a
6  possibility out there, but we will have to make that
7  determination at a later date.
8           THE COURT:  All right.  Thank you.
9           Mr. Jaar, is there anything you would like to say
10 before I announce your sentence?
11          THE DEFENDANT:  Yes, Your Honor.  Good morning, Your
12 Honor.
13          THE COURT:  Good morning.
14          THE DEFENDANT:  Good morning, everyone.  First, I want
15 to apologize to my God, to my family and to the government.
16 Your Honor, I want you to please have mercy on me.  I have a
17 family that love me, and I love them with all my heart.  Two
18 weeks ago my first and only son Layodo (phonetic) celebrated
19 his first birthday, and I realize more and more not only am I
20 to pay for the mistake I made but all my family is carrying
21 this burden.
22          Your Honor, I have accepted full responsibility from
23 the beginning, and I have cooperate with the government,
24 helping myself and willing to assist the government with
25 whatever they need.  I admit I made a big mistake, in my

<pre>                                                                9
</pre>

<pre>   1    cooperation.  Your Honor, I pray to God that you have mercy on

   2    me and my family.  I can assure you that I will never make this

   3    mistake again.  Please give me the lowest sentence possible,

   4    and I can assure you, Your Honor, that you will not be making a

   5    mistake apart from myself, my one-year-old son, my wife, my

   6    74-years father, my 72-years-old mother and my whole family

   7    that I love a lot with all my soul and all my heart.

   8            All of them will be grateful for your mercy.  My

   9    parents are not here today because I did not want them to

  10    suffer this sentence -- of the sentence.  I pray to God that my

  11    wife who is here today will call my parents and give them the

  12    possible news of the sentence.

  13            Please have mercy on me.  Have a good day.  God bless

  14    you.

  15            THE COURT:  Thank you, Mr. Jaar.

  16            THE DEFENDANT:  Thank you.

  17            THE COURT:  I have carefully reviewed the presentence

  18    investigation report.  We began the hearing by all agreeing

  19    that Mr. Jaar's offense level would be adjusted to a Level 24.

  20    I have sentenced the codefendants.  I need to be mindful of

  21    those sentences and that there not be unwarranted sentencing

  22    disparity.  The sentence I imposed -- impose must promote

  23    respect for the law and reflect upon the seriousness of what it

  24    is Mr. Jaar committed and provide deterrence to him and to

  25    others.
</pre>

<pre>
</pre>

1          And in light of those factors and all of the other
2     factors in 18 U.S.C. §3553, it is the judgment of the Court
3     that the defendant Rodolphe Jaar is committed to the Bureau of
4     Prisons for 51 months.
5          Upon release from imprisonment, Mr. Jaar, you will be
6     on supervised release for two years.  Within 72 hours of
7     release, you must report in person to the probation office in
8     the district to which you are released.  While on supervised
9     release, you will not commit any crimes, you are prohibited
10    from possessing a firearm or other dangerous device.  You will
11    not possess a controlled substance.  You will cooperate in the
12    collection of DNA, you will comply with the standard conditions
13    of supervised release, including the following special
14    condition:  You are to surrender to immigration for removal
15    following imprisonment.  You must pay the United States a
16    special assessment of $100.
17         Now that the sentence has been imposed, does the
18    defendant or his attorney object to the Court's findings or the
19    manner in which the sentence was announced?
20         MR. DANSOH:  None, whatsoever, from the defense,
21    Judge.
22         THE COURT:  Mr. Jaar, you have the right to appeal the
23    sentence imposed.  Any notice of appeal must be filed within 14
24    days after entry of the judgment.  And if you are unable to pay
25    the cost of an appeal, you may apply for leave to appeal *in*

1  *forma pauperis*.

2      I wish you luck, Mr. Jaar.

3      MR. DANSOH:  Thank you, Judge.  Could we request -- I know the Bureau of Prisons makes their determination as to designation but --

6      THE COURT:  South Florida?

7      MR. DANSOH:  South Florida.

8      THE COURT:  Very well.

9      MR. DANSOH:  FCI.  Because he continues to cooperate and his family has a home in South FCI Miami.

11     THE COURT:  Very good.

12     MR. DANSOH:  Thank you so much, Judge.

13     THE COURT:  Thank you.

14     MR. LUNKENHEIMER:  Thank you, Your Honor.

15     THE COURT:  Okay.  You all have a good day.

16     MR. LUNKENHEIMER:  You too.

17    (The proceedings concluded at 10:29 a.m.)

Certificate
February 3, 2015
Rodolphe Jaar, 13-20259-CR

**C E R T I F I C A T E**

I hereby certify that the foregoing is an accurate transcription of the proceedings in the above-entitled matter.

_10/23/15__
　DATE

STEPHANIE A. McCARN, RPR
Official United States Court Reporter
400 North Miami Avenue, Twelfth Floor
Miami, Florida 33128
(305) 523-5518