```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
                          MIAMI DIVISION
                      CASE NO. 13-20259-CR


   UNITED STATES OF AMERICA,       Miami, Florida

           Plaintiff,              October 29, 2013

      vs.                          8:37 a.m. to 8:59 a.m.

   RODOLPHE JARR &                 Courtroom 12-2
   OLGAIRE FRANÇOIS,
                                   (Pages 1 to 20)
           Defendants.


                         CHANGE OF PLEA
            BEFORE THE HONORABLE CECILIA M. ALTONAGA,
                  UNITED STATES DISTRICT JUDGE

   APPEARANCES:

    FOR THE GOVERNMENT:    KURT K. LUNKENHEIMER, ESQ.
                           Assistant United States Attorney
                           99 Northeast Fourth Street
                           Miami, Florida 33132
                           (305) 361-9008
                           kurt.lunkenheimer@usdoj.gov


    FOR THE DEFENDANT      RICHARD O. DANSOH, ESQ.
    JAAR:                  Law Office of Richard O. Dansoh
                           501 Northeast First Avenue, Suite 301
                           Miami, Florida 33132
                           (305) 573-4444
                           dansohlawfirm@gmail.com


    FOR THE DEFENDANT      CURT D. OBRONT, ESQ.
    FRANÇOIS:              Law Offices of Curt D. Obront
                           Wachovia Financial Center
                           200 South Biscayne Boulevard
                           Suite 2940
                           Miami, Florida 33131
                           (305) 373-1040
                           curt@obrontlaw.com
```

```
 1    APPEARANCES CONTINUED:

 2     Also Present:         Michelle Burgess, USPO
                             Yolanda Zdaucewicz, Creole Interpreter
 3

 4     REPORTED BY:          STEPHANIE A. McCARN, RPR
                             Official Court Reporter
 5                           400 North Miami Avenue
                             Twelfth Floor
 6                           Miami, Florida 33128
                             (305) 523-5518
 7                           Stephanie_McCarn@flsd.uscourts.gov

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**I N D E X**

**WITNESSES**

**WITNESSES FOR THE GOVERNMENT:**                                    **Page**
                                                                      --

**WITNESSES FOR THE DEFENDANTS:**                                    **Page**
                                                                      --

**EXHIBITS MARKED & ADMITTED IN EVIDENCE**        **MARKED**     **ADMITTED**

**Government's Exhibit No.**                        --              --

**Defendants' Exhibit No.**                         --              --

**MISCELLANEOUS**

                                                                    **Page**
Proceedings..........................................                 4
Court Reporter's Certificate.........................                20

```
1        (The following proceedings were held at 8:37 a.m.)
2            THE COURT:  United States and Rodolphe Jaar and
3   Olgaire François.
4            MR. LUNKENHEIMER:  Your Honor, may I approach with the
5   signed plea agreement?
6            THE COURT:  Yes, please.
7       (Pause in proceedings.)
8            THE COURT:  Right hands.
9       (The Defendants were sworn.)
10           THE COURT:  Mr. Jaar?
11           DEFENDANT JAAR:  Yes.
12           THE COURT:  Mr. François?
13           DEFENDANT FRANÇOIS:  Yes.
14           THE COURT:  All right.  And I would ask counsel to
15  please state your appearances for the record.
16           MR. LUNKENHEIMER:  Kurt Lunkenheimer on behalf of
17  United States.  Good morning, Your Honor.
18           THE COURT:  Good morning.
19           MR. DANSOH:  Good morning, Judge.  Richard Dansoh on
20  behalf of Rodolphe Jaar.
21           MR. OBRONT:  Good morning, Your Honor.  Curt Obront on
22  behalf of Mr. François.
23           THE COURT:  Please be seated.
24           Mr. Jaar and Mr. François, I am going to be asking you
25  questions this morning in order to accept your change in plea
```

1  from a plea of not guilty to a plea of guilty.  If at any time
2  you do not understand any of my questions, please let me know
3  and I will try to clarify the question for you.  Also, if at
4  any time you would like to speak with your attorney and consult
5  with him off the record, let me know that, and we will pause to
6  give you an opportunity to do so.
7          All right, Mr. Jaar?
8          DEFENDANT JAAR:  Yes, yes, Your Honor.
9          DEFENDANT FRANÇOIS:  Yes.
10         THE COURT:  Wait, I need to be clear on the record who
11 is answering what.  So I am going to first ask Mr. Jaar the
12 question and then Mr. François.  And, Mr. Jaar, please use the
13 microphone so the interpreter can hear you.
14         Did you understand my instructions, Mr. Jaar?
15         DEFENDANT JAAR:  Yes, Your Honor.
16         THE COURT:  Do you need the interpreter or no?
17         DEFENDANT JAAR:  No, I'm good.
18         THE COURT:  All right.
19         Mr. François, did you understand my instructions?
20         DEFENDANT FRANÇOIS:  Yes.
21         THE COURT:  All right.  Please state your full name.
22         DEFENDANT JAAR:  Rodolphe Jaar.
23         DEFENDANT FRANÇOIS:  François, Olgaire.
24         THE COURT:  How old are you?
25         DEFENDANT JAAR:  I'm 41.

```
 1            DEFENDANT FRANÇOIS:  44.
 2            THE COURT:  How far did you go in school?
 3            DEFENDANT JAAR:  I studied business administration.
 4            THE COURT:  I'm sorry?
 5            DEFENDANT JAAR:  I graduated from business
 6   administration.
 7            THE COURT:  You graduated from?
 8            DEFENDANT JAAR:  Business administration.
 9            THE COURT:  Business and station?
10            DEFENDANT JAAR:  Administration.
11            MR. DANSOH:  Administration.
12            THE COURT:  Administration, I'm sorry.  Do you have a
13   four-year college degree?
14            DEFENDANT JAAR:  Yes.
15            THE COURT:  All right.
16            Mr. François?
17            DEFENDANT FRANÇOIS:  I'm a member of the police force.
18            THE COURT:  And how far did you go in formal
19   schooling?
20            DEFENDANT FRANÇOIS:  That is the equivalent of three
21   years post high school education.
22            THE COURT:  And what country are you a citizen of?
23            DEFENDANT JAAR:  I'm Haitian, I was born in Haiti.
24            DEFENDANT FRANÇOIS:  Haitian.
25            THE COURT:  Have you ever been treated for a mental
```

```
 1   illness or for an addition to narcotic drugs?
 2           DEFENDANT JAAR:  No.
 3           DEFENDANT FRANÇOIS:  No.
 4           THE COURT:  Have you take any drugs or alcohol in the
 5   last 48 hours?
 6           DEFENDANT JAAR:  No.
 7           DEFENDANT FRANÇOIS:  No.
 8           THE COURT:  Do you believe that you have any mental or
 9   physical condition or illness that prevents you from
10   understanding what's happening here in court this morning?
11           DEFENDANT JAAR:  No.
12           DEFENDANT FRANÇOIS:  No.
13           THE COURT:  And to the respective attorneys, in your
14   opinion, are your clients competent to enter guilty pleas?
15           MR. DANSOH:  Yes, Your Honor.
16           MR. OBRONT:  Yes, Your Honor.
17           THE COURT:  Mr. Jaar and Mr. François, prior to today
18   did you receive a copy of the indictment containing the written
19   charge against you?
20           DEFENDANT JAAR:  Yes, Your Honor.
21           DEFENDANT FRANÇOIS:  Yes.
22           THE COURT:  And have you discussed the indictment and
23   the case in general with your attorney?
24           DEFENDANT JAAR:  Yes, Your Honor.
25           DEFENDANT FRANÇOIS:  Yes.
```

```
 1          THE COURT:  Are you fully satisfied with the counsel,
 2   the representation and the advice that you have received from
 3   your attorney?
 4          DEFENDANT JAAR:  Yes, Your Honor.
 5          DEFENDANT FRANÇOIS:  Yes.
 6          THE COURT:  Now, the indictment charges you with
 7   conspiring to distribute five kilograms or more of cocaine,
 8   knowing that the substance would be unlawfully imported into
 9   the United States in violation of Title 21 U.S.C. §963.
10          Do you understand the charge?
11          DEFENDANT JAAR:  Yes, Your Honor.
12          DEFENDANT FRANÇOIS:  Yes.
13          THE COURT:  Mr. Lunkenheimer, could you please set
14   forth the elements of that offense?
15          MR. LUNKENHEIMER:  Yes, Your Honor.  Your Honor, the
16   elements of this offense are that two or more individuals
17   agreed to manufacture or distribute a controlled substance,
18   that the defendants knowingly and intentionally joined in the
19   plan to do so, and that the defendants knew or intended that
20   the controlled substance would be unlawfully imported into the
21   United States.
22          THE COURT:  Thank you.  And to defense counsel, do you
23   agree that that's an accurate statement of the elements?
24          MR. DANSOH:  Yes, Your Honor.
25          MR. OBRONT:  Yes, Your Honor.
```

1           THE COURT: And I would ask counsel to please state
2  the steps you have each taken to familiarize your respective
3  clients with the charge against him, the government's evidence,
4  your client's defenses, the right to proceed to trial and the
5  consequences of a guilty plea.
6           MR. DANSOH: Judge, Richard Dansoh for the record.
7  With respect to Mr. Jaar, I started representing him
8  approximately three years ago. He was actually a confidential
9  source for the government, and over the two years prior to his
10 indictment, we were quite familiar with the issues involved in
11 the importation of the substance -- subject drug that came into
12 Haiti. Subsequent to that, he was indicted. And I have had
13 numerous opportunities to sit down with him and discuss the
14 case with him. I know he's also discussed with other lawyers.
15          The plea agreement that was sent to me, I fully
16 explained it to him. I even took the extra step of summarizing
17 the terms of the plea agreement and sending it to the
18 prosecutor so he can reply with in one word confirm, so I
19 showed him that this is precisely what he is going to plead to,
20 and if he accepted it, that he would sign the plea agreement.
21 And that's exactly what we did?
22          THE COURT: Thank you.
23          And, Mr. Jaar, is that your understanding, as well?
24          DEFENDANT JAAR: Yes, Your Honor.
25          THE COURT: And, Mr. Obront?

```
 1          MR. OBRONT:  Thank you, Your Honor.  On behalf of
 2   Mr. François, we have reviewed, along with our investigator,
 3   voluminous discovery, including RLI's and DEA-6's photographs.
 4   Also there were photographs and other evidence that we had gone
 5   through.  It was fairly voluminous.  There were some tape
 6   recordings, both of third parties and one of my client in
 7   particular that was just actually provided to us last week.
 8          So we have thoroughly gone through the discovery, and
 9   it's my opinion that he is making a knowing and informed
10   decision.
11          THE COURT:  How about his right to trial and any
12   defenses and the consequences of his plea?
13          MR. OBRONT:  Yes, Your Honor, we have analyzed all of
14   those issues thoroughly.
15          THE COURT:  Thank you.
16          And, Mr. François, is that your understanding as well?
17          DEFENDANT FRANÇOIS:  Yes.
18          THE COURT:  Gentlemen, do you each have in front of
19   you copies of your written plea agreements?
20          DEFENDANT JAAR:  Yes, Your Honor.
21          DEFENDANT FRANÇOIS:  Yes.
22          THE COURT:  And I see your signatures on the last
23   pages of your plea agreements.  Did you each have the
24   opportunity of reading the agreement and discussing it fully
25   with your attorney before you signed it?
```

1        **DEFENDANT JAAR:  Yes, Your Honor.**

2        **DEFENDANT FRANÇOIS:  Yes.**

3        **THE COURT:  Okay.  What I am going to do at this time**
4   **is I am going to go over the plea agreement with you.  I won't**
5   **be reading the agreement into the record, but I do want to go**
6   **over its essential terms to assure myself that you fully**
7   **understand it and that your plea is voluntary.**

8        **I'll begin with Paragraph 2 of the agreements; that**
9   **paragraph is concerned with how your sentence will be arrived**
10  **at.  After I accept your plea of guilty here this morning, I**
11  **will order from the Court's probation office that a presentence**
12  **investigation report be prepared.  We will all receive copies**
13  **of that report prior to your sentencing hearing, and your**
14  **attorney will have the opportunity of filing any written**
15  **objections to the information contained within the report.  I**
16  **will take up any objections at the sentencing hearing itself.**

17       **One of the sections of the report will address the**
18  **Federal Sentencing Guidelines.  By applying the guidelines to**
19  **your offense conduct, we will see a range of sentencing**
20  **produced from a low to a high end that the guidelines recommend**
21  **as a reasonable sentence.  At your sentencing hearing after**
22  **addressing any objections that your attorneys may have to how**
23  **Probation calculated your advisory guideline sentence in the**
24  **report, I will orally announce what I believe is your**
25  **applicable guideline range, and it may be different from what's**

         1  in the report, and it may be different from your attorney's
         2  best estimate of what it should be.
         3         After I announce your advisory sentencing guideline
         4  range, I go on to consider and apply a number of statutory
         5  criteria before imposing sentence.  So at the end of this
         6  process, your sentence may end up being higher than or lower
         7  than the advisory sentencing guideline range.
         8         I have the authority to sentence you up to the
         9  statutory maximum for this offense.  And you may not withdraw
        10  your plea as a result of a sentence imposed.
        11         Do you understand and agree?
        12         DEFENDANT JAAR:  Yes, Your Honor.
        13         DEFENDANT FRANÇOIS:  Yes.
        14         THE COURT:  And if you look to Paragraph 3, you are
        15  informed that I must impose a minimum statutory term of 10
        16  year's imprisonment.  I may impose a statutory term of
        17  imprisonment of up to life, followed by supervised release of
        18  at least five years and all the way up to life.  And I may
        19  impose a fine of up to $4 million.
        20         Do you understand what your maximum sentence may be?
        21         DEFENDANT JAAR:  Yes, Your Honor.
        22         DEFENDANT FRANÇOIS:  Yes.
        23         THE COURT:  In Paragraph 7 of your agreements, the
        24  United States agrees to recommend that I reduce by two levels
        25  the sentencing guideline level applicable to your offense

1  because of your recognition and affirmative and timely
2  acceptance of personal responsibility.  If your offense level
3  should be a 16 or higher, then the government will seek an
4  additional one-level decrease.  And you see that there are
5  three conditions outlined in Paragraph 7 that you must satisfy
6  in order for the government to make this recommendation.
7           Do you understand and agree?
8           DEFENDANT JAAR:  Yes, Your Honor.
9           DEFENDANT FRANÇOIS:  Yes.
10          THE COURT:  In Paragraph 8, you and the U.S.
11 Attorney's Office agree to recommend that I find the quantity
12 of cocaine involved in the offense was at least 150 kilograms,
13 and as to Mr. Jaar only, that you should receive a downward
14 departure for your minor role in the organization, that is a
15 departure of three levels.
16          Do you understand and agree?
17          DEFENDANT JAAR:  Yes, Your Honor.
18          MR. LUNKENHEIMER:  Your Honor, may I address something
19 with this Paragraph 8-1?  For Mr. Jaar the quantity of drugs is
20 at least 15 kilograms but less than 50 kilograms.
21          THE COURT:  Oh, yes.
22          MR. LUNKENHEIMER:  But you accurately read it for
23 Mr. François that it is over 150 kilograms.
24          THE COURT:  That's correct, thank you.
25          Mr. Jaar, do you agree?

```
 1              DEFENDANT JAAR:  Yes, Your Honor.
 2              THE COURT:  Mr. François, do you agree?
 3              DEFENDANT FRANÇOIS:  Yes.
 4              THE COURT:  And for you, Mr. Jaar, you agree to
 5    provide cooperation to the U.S. Attorney's Office, in
 6    Paragraph 9.  In Paragraph 10, the Office will evaluate your
 7    cooperation, and if it was significant to the prosecution of
 8    other criminal matters, then the Office may file a motion
 9    before you are sentenced, at the time of sentencing or after
10    you have been sentenced advising me of your cooperation and
11    requesting a sentence reduction.  And in Paragraph 11, you are
12    informed that I am under no obligation to grant such a motion
13    if it, in fact, is filed.
14              Do you understand and agree?
15              DEFENDANT JAAR:  Yes, Your Honor.
16              THE COURT:  In Paragraph 12 of your agreement,
17    Mr. Jaar, and Paragraph 9 of yours, Mr. François, you and the
18    government agree that, although it's not binding on the Court,
19    you will jointly recommend to me that I sentence you within the
20    sentencing guideline range without regard to that ten-year
21    statutory minimum sentence I mentioned earlier.
22              Do you understand and agree?
23              DEFENDANT JAAR:  Yes, Your Honor.
24              DEFENDANT FRANÇOIS:  Yes.
25              THE COURT:  And there are conditions outlined in
```

```
 1    Paragraph 12 of your agreement, Mr. Jaar, and Paragraph 9 of
 2    yours, Mr. François, that you must satisfy in order for the
 3    government to make this recommendation.
 4         Do you understand?
 5         DEFENDANT JAAR:  Yes, Your Honor.
 6         DEFENDANT FRANÇOIS:  Yes.
 7         THE COURT:  In Paragraph 14 of your agreement, and
 8    Paragraph 11 of yours, Mr. François, you are informed that you
 9    have the right to appeal the sentence, but in exchange for the
10    agreement that you have negotiated with the government, you are
11    waiving your right to appeal your sentence unless it exceeds
12    the statutory maximum or is the result of an upward departure
13    or variance from the guideline range that I establish at
14    sentencing.
15         Nothing in the agreement affects the government's
16    right to appeal.  If the government does file a notice of
17    appeal, then you are released from your waiver of appellate
18    rights.
19         You have discussed this appellate waiver provision
20    with your attorney, and you are waiving your right to appeal
21    your sentence knowingly and voluntarily.
22         Is all of this true and correct?
23         DEFENDANT JAAR:  Yes, Your Honor.
24         DEFENDANT FRANÇOIS:  Yes.
25         THE COURT:  Is anyone putting pressure upon you,
```

```
 1   forcing you or coercing you to plead guilty and agree to these
 2   terms?
 3           DEFENDANT JAAR:  No, Your Honor.
 4           DEFENDANT FRANÇOIS:  No.
 5           THE COURT:  Are you pleading guilty of your own free
 6   will because, in fact, you are guilty as charged?
 7           DEFENDANT JAAR:  Yes, Your Honor.
 8           DEFENDANT FRANÇOIS:  Yes.
 9           THE COURT:  You understand that the offense to which
10   you plead guilty is a felony offense.  When I accept your plea
11   of guilty, I will adjudicate you guilty, and as a result you
12   will suffer the loss of valuable civil liberties.  These
13   include: the right to vote, the right to hold office, the right
14   to serve on a jury, the right to possess firearms.  And because
15   you are not citizens of the United States, this may be used
16   against you to deport you to Haiti.
17           Do you understand?
18           DEFENDANT JAAR:  Yes, Your Honor.
19           DEFENDANT FRANÇOIS:  Yes.
20           THE COURT:  Has anyone made to you any promise or
21   assurance in exchange for your plea of guilty other than the
22   promises contained in your written plea agreement?
23           DEFENDANT JAAR:  No.
24           DEFENDANT FRANÇOIS:  No.
25           THE COURT:  I'm going to go over with you at this time
```

```
 1   the constitutional rights that you give up by pleading guilty.
 2   You understand that if the case had proceeded to a trial, you
 3   would have had the right to be represented by an attorney.  The
 4   government would be required to bring witnesses to court who
 5   would testify in your presence.  You would have the right to
 6   confront those witnesses and have your attorney cross-examine
 7   them.  You would have the right to bring witnesses of your own
 8   to testify in your defense, and if those witnesses did not wish
 9   to come to court, you could use the Court's compulsory process
10   to get them here.
11          You would have the right to testify and have your
12   testimony be considered like that of any other witness in the
13   case, or you could elect to remain silent, and if you did so,
14   that could not be used against you in any way.
15          You would be entitled to the presumption of innocence.
16   The government would have to prove the charge against you
17   beyond and to the exclusion of every reasonable doubt, and that
18   is the highest burden of proof that we have in our system of
19   laws.
20          Your case would be tried to a jury consisting of 12
21   members whom you and the government would select.  And if you
22   lost at trial, you would have the right to take an appeal.
23          Do you understand by pleading guilty you give up all
24   of these rights that we associate with trial as well as with
25   appeal?
```

```
 1                DEFENDANT JAAR:  Yes, Your Honor.
 2                DEFENDANT FRANÇOIS:  Yes.
 3                THE COURT:  Gentlemen, do you have in front of you a
 4   document entitled factual proffer that shows your signature on
 5   Page 2?
 6                Mr. Jaar?
 7                DEFENDANT JAAR:  Yes.
 8                THE COURT:  And, Mr. François?
 9                DEFENDANT FRANÇOIS:  Yes.
10                THE COURT:  Did you each have the opportunity of
11   reading these factual proffers and discussing them fully with
12   your attorneys before you signed them?
13                DEFENDANT JAAR:  Yes, Your Honor.
14                DEFENDANT FRANÇOIS:  Yes.
15                THE COURT:  And do you gentlemen agree that the facts
16   as stated in these factual proffers are true and that the
17   government would be able to prove them at trial beyond a
18   reasonable doubt?
19                DEFENDANT JAAR:  Yes, Your Honor.
20                DEFENDANT FRANÇOIS:  Yes.
21                THE COURT:  To defense counsel, are you satisfied that
22   your clients understand their rights that they are giving up
23   today and that there has been a sufficient factual basis for
24   their pleas of guilty?
25                MR. DANSOH:  With respect to Rodolphe Jaar, yes, Your
```

```
 1   Honor.
 2            MR. OBRONT:  Yes, Your Honor.
 3            THE COURT:  Mr. Jaar and Mr. François, how do you
 4   plead to the charge contained in the indictment, guilty or not
 5   guilty?
 6            DEFENDANT JAAR:  Yes, Your Honor, I plead guilty.
 7            DEFENDANT FRANÇOIS:  Guilty.
 8            THE COURT:  It is the finding of the Court that the
 9   defendants Rodolphe Jaar and Olgaire François are fully
10   competent and capable of entering informed pleas; that each is
11   aware of the nature of the charge and the consequences of his
12   plea, based upon his conversations with his attorney and the
13   colloquy before the Court; that the plea of guilty is a knowing
14   and voluntarily plea supported by an independent basis in fact
15   containing each of the essential elements of the offense; and
16   that the agreement presented to the Court was voluntarily
17   entered into and is not the result of force, threats or
18   coercion.  I also find the defendant has entered his plea with
19   the advice and the assistance of effective and competent
20   counsel.
21            Your plea is therefore accepted.  You are now adjudged
22   guilty, and I will have you back in court for your sentencing
23   hearing on Monday, January the 6th at 8:30 for Mr. Jaar and 9
24   o'clock for Mr. François.
25            DEFENDANT JAAR:  Okay.
```

```
1              THE COURT:  And you gentlemen have a good day.
2              MR. DANSOH:  Thank you, Your Honor.
3              MR. OBRONT:  Thank you, Your Honor.
4              DEFENDANT JAAR:  Thank you.
5         (The proceedings adjourned at 8:59 a.m.)
```

**C E R T I F I C A T E**

I hereby certify that the foregoing is an accurate transcription of the proceedings in the above-entitled matter.

_12/01/15__          *[signature: Stephanie A. McCarn]*
   DATE              STEPHANIE A. McCARN, RPR
                     Official United States Court Reporter
                     400 North Miami Avenue, Twelfth Floor
                     Miami, Florida 33128
                     (305) 523-5518